THIGPEN, Judge,
dissenting.
The ore tenus rule affords a presumption of correctness to the trial court’s judgment in this case. My review of the record discloses evidence supporting the trial court’s determination, and I would affirm its judgment; therefore, I must respectfully dissent.
The February 1993 order granting temporary custody to the paternal grandparents was based upon an agreement that, at that time, the best interests of the children would be served by placing their custody with the Annertons because the mother and the father had been arrested and faced possible incarceration.
In this proceeding, the mother testified that since the February 1993 order, the conditions that led to her agreement regarding custody, had changed. Specifically, she testified that since the last order, she had not used illegal drugs, that she did not go to jail as anticipated, that she was employed, and that she could provide a home for her children. She also testified that her health had improved in that it was recently determined that she did not have cancer. She further testified that, as agreed, the Annertons had taken good care of her children so that she “could get back on her feet” and that she had now made the necessary improvements in her life and preparations for the children to return to their mother.
Although the Annertons alleged unfitness and that the mother was not capable of ear-ing for the children, the evidence they provided focused on events and circumstances occurring many years prior to the 1993 temporary custody judgment. They provided nothing to rebut the mother’s testimony regarding her changes since the last judgment.
The trial court’s order, which lacks any specific factual findings regarding custody, indicates application of the standard espoused by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984), in its determination that the custody should be returned to the mother. Although the record is meager, it contains evidence supporting a conclusion that there has been a change of circumstances since the February 1993 custody order, which justifies returning custody of the children to their mother. Furthermore, it contains some evidence which would support a conclusion that returning the children’s custody to their mother materially promotes their welfare and best interests. Those findings support the trial court’s judgment. It is assumed on appeal that the trial court made those findings concerning the issue of custody. Ward v. State, 592 So.2d 581 (Ala.1992).